IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BYRON GODWIN and CHARLES NELSON, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.  2:12cv164-WHA-CSC (wo) |
| DOUG BURKHALTER, in his individual capacity, and CITY OF MILLBROOK, ALABAMA, a municipal corporation, | ) ) ) ) ) | |
| Defendant. | ) | |

ORDER

This cause is before the court on the Defendants' Motion in Limine (Doc. #74).  The Defendants have moved to exclude the following categories of evidence: liability insurance; evidence of other lawsuits, complaints, or claims; evidence which supports claims that have been dismissed; and evidence of lost job opportunities.  The court will address each in turn.

1. Liability insurance.  The Plaintiffs concede the first category, stating that they agree not to introduce evidence of or mention liability insurance.  (Doc. #76).  Therefore, the Motion in Limine is due to be GRANTED as to evidence of liability insurance.

2. Evidence of other lawsuits.  The Plaintiffs contend that they ought to be able to introduce evidence of a lawsuit filed by a former City of Millbrook employee in which he contended that he was terminated because he would not give Mayor Al Kelly ("Kelly") a ride in his patrol car.  The Plaintiffs contend that this evidence is relevant as to Kelly's official capacity as Mayor to show a habit of retaliation under Fed. R. Evidence 406.

The Defendants, in turn, characterize the evidence of that law suit as "me too" evidence,

and contend that because case was settled, because Kelly was only sued in his individual capacity, and the previous suit is dissimilar and remote in time, it is not relevant and not admissible.

The role of Kelly in this case is not irrelevant. The "me too" evidence of another person contending that Al Kelly retaliated against him through his position with the City, however, is too dissimilar and too attenuated in time, occurring in 1998, to be anything more than marginally relevant in this case, particularly because the theory of liability for the City relied on in opposing summary judgment was ratification, not a policy or custom through notice of previous events. *See Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1286 (11th Cir. 2008). To the extent that this evidence has some probative value, after weighing the appropriate factors, *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008), the court concludes that this evidence would be substantially outweighed by the danger of confusion of the issues under Rule 403 of the Federal Rules of Evidence. Also, the evidence of a single, unrelated event is not sufficient to establish habit under Rule 406. *See Goldwmith*, 513 F.3d at 1285. Therefore, the court concludes that the Motion in Limine is due to be GRANTED as to evidence of a prior settled lawsuit against Al Kelly for termination for failing to allow Al Kelly to ride in a patrol car.

3. Evidence which supports claims that have been dismissed. The Defendants point out that summary judgment has been granted as to all claims against Kelly. The Defendants further state that the only claims remaining are a "class of one" Equal Protection claim against the City and claims of false arrest and malicious prosecution against Doug Burkhalter. They argue that the only evidence relevant to the Equal Protection claim concerns a factual disparity between

Burkhalter and Brenda Bellizio about comparator contractors. The Defendants contend that the only relevant evidence for that claim is whether there was a difference in treatment and whether there was a rational basis for that difference in treatment. The Plaintiffs respond that without knowing what evidence the Defendants feel is objectionable, they cannot adequately respond to the Motion in Limine.

The evidence presented at summary judgment demonstrated that the interaction of Mayor Kelly and Defendant Doug Burkhalter with Charles Nelson is a part of the background of the case, and may be relevant to various claims remaining in this case. For example, there may be relevant evidence of the decision made by Kelly and Doug Burkhalter, and ultimately ratified by the City Council, to deny Godwin and Nelson a license. There may also be evidence involving Kelly relevant to an evaluation of a "rational basis" for that decision, and to Burkhalter's pursuit of a complaint for the Plaintiffs' arrest. Without the identification of specific evidence by the Defendants, the court is unable to conclude, therefore, that all evidence regarding Al Kelly is due to be excluded. The court will, however, address specifically-identified evidence upon presentation of a timely, more fully-developed Motion in Limine by the Defendants.

4. Lost job opportunities. The Defendants contend that the Plaintiff cannot present evidence of lost job opportunities to prove damages because there is no evidence of any lost opportunities, so such damages would be inadmissibly speculative. That is consistent with the court's determination in granting summary judgment on the tortious interference with contract claims. (Doc. #72 at p. 26). Accordingly, the Motion in Limine is due to be GRANTED. To the extent that the Plaintiffs contend that they have non-speculative evidence of lost contracts, they are to take up such evidence outside of the presence of the jury.

For the reasons discussed, it is hereby ORDERED as follows:

The Defendants' Motion in Limine (Doc. #74) is GRANTED as to evidence of liability insurance; GRANTED as to evidence of other lawsuits, complaints, or claims; DENIED as to evidence which supports claims that have been dismissed to the extent that the Defendants broadly seek exclusion of all evidence regarding Al Kelley; and is GRANTED to the extent that evidence of lost job opportunities is to be taken up outside of the presence of the jury.

The Defendants are free to file a Motion in Limine as to specific evidence regarding Al Kelley, or other evidence, in a timely manner.

Done this 27th day of August, 2013.

                    /s/ W. Harold Albritton
                    W. HAROLD ALBRITTON
                    SENIOR UNITED STATES DISTRICT JUDGE